## Wolfe v. Best.

*Practice Act, 1915—Plaintiff's statement—Paragraphs—Material allegation—Written instrument—Copy attached.*

1. The Practice Act of May 14, 1915, P. L. 483, does not interdict the inclusion of a number of allegations in one paragraph, but the inclusion of more than one material allegation in the same paragraph.

2. A "note," without anything more, connotes a written instrument.

3. A written instrument is "attached" to the pleading, within the meaning of the act, by incorporating a copy of it in the text of the statement or by annexing a copy by way of an exhibit.

Motion to strike off plaintiff's statement. C. P. Lehigh Co., Jan. T., 1922, No. 80.

*Robert L. Stuart*, for plaintiff; *D. M. Garrahan*, for defendant.

RENO, J., March 20, 1922.—There is no merit in the motion. It is true that the fourth paragraph does contain a number of allegations of fact. But the Practice Act of 1915 does not interdict the inclusion of a number of allegations in one paragraph. It is the inclusion of more than one material allegation in the same paragraph that is prohibited. The allegations of paragraph four, read together, are equivalent to one major material allegation, namely, that plaintiff is the holder in due course of the note described in the paragraph. Perhaps it would have been sufficient to have averred that and no more; but the addition to that material allegation of other allegations which modify, clarify, explain and amplify it does not constitute a violation of the act: Fuel Oil Co. v. Clarendon Refining Co., 29 Dist. R. 805.

The further objection concerning the failure to state whether or not the contract is in writing is obviously untenable, in view of the allegation that the suit is based upon "a promissory note in writing." Indeed, the word "note," without anything more, connotes a written instrument. Having incorporated a copy of the note in the statement, it was unnecessary to attach another copy as an exhibit. A written instrument is "attached" to the pleading, within the meaning of the act, by incorporating a copy of it in the text of the statement or by annexing a copy to the statement by way of an exhibit.

Now, March 20, 1922, motion to strike off the statement is denied. Defendant will file affidavit of defence within fifteen days after service of copy of this order upon his counsel.    From James L. Schaadt, Allentown, Pa.